## LUDLOW vs. THE AMERICAN EXCHANGE NATIONAL BANK.

Where a certificate of stock was assigned by the plaintiff to the defendant, to be held and applied not only in liquidation of an indebtedness of the plaintiff, but of all future advances which the defendant might make; and further advances were made, by the defendant, by the payment of calls on the certificate; *Held*, in an action to redeem the certificate, that as an account would have to be taken of such advances, and also of the payments made by the plaintiff, and such account was necessary to be taken before judgment, this made the case *referable*.

If a case is referable, the discretion of the judge ordering a reference will not be reviewed on appeal.

APPEAL, by the defendant, from an order made at a special term, directing a reference.

The complaint alleged that on the 23d day of January, 1856, one Samuel L. M. Barlow, on behalf of W. H. Aspinwall, Joseph W. Alsop, Henry Chauncey, Samuel W. Comstock, David Leavitt, Charles Gould, David Hoadley, this plaintiff and associates, made to the Ohio and Mississippi Railroad Company certain propositions for the completion and construction of said road. That on the said 23d day of January, the said propositions were accepted by the said Ohio and Mississippi Railroad Company, and on the 10th day of May, 1856, an agreement embodying these propositions and their acceptance was made between said Aspinwall, Alsop, Chauncey, Comstock, Leavitt, Gould, Hoadley, this plaintiff and his associates and the said Ohio and Mississippi Railroad Company. That on the said 10th day of May, this plaintiff and his associates entered into an agreement between themselves, whereby the said parties agreed with each other to fulfill and perform everything contained in the said proposition to be performed and fulfilled, and to contribute towards such performance in the proportion which the per centage set opposite their respective signatures bore to the whole. That the number of shares or interests of said associates, under said agreement, in the aggregate, was forty, of

which the plaintiff was the owner of one part or share, known by the number 38, and which said part or share was represented by scrip, in the usual form of a stock certificate, transferable at the office of the trustees of said associates. That it was further agreed between the said parties that on the completion of the Ohio and Mississippi railroad and performance of contracts, a final account should be rendered, and a division of the properties, securities and moneys on hand should then be made among the said parties or their representatives, in the same proportion in which the said parties were to contribute as aforesaid. That said contract had been fulfilled and said road completed, and that under and by virtue of said agreement above set forth, there became divisable to and among the said associates or their representatives, a large amount of property, securities and money, to one-fortieth of which the above named share, numbered 38, belonging to said plaintiff, was and is entitled.

*Second.* That in the month of August, 1857, the said share represented by a scrip certificate known as No. 38, being he property of the plaintiff, and calls having been paid by him thereon, amounting to $31,250, was, with other securities belonging to said plaintiff and others, in the possession of a corporation then carrying on business in the city of New York, known as the Ohio Life Insurance and Trust Company, and the said scrip was held by said company as the bailees and custodians of the same.

*Third.* That on the 22d day of August, 1857, this plaintiff was indebted to the said The Ohio Life Insurance and Trust Company, and that corporation was very largely indebted to a corporation organized under the general banking law of this State, and carrying on the business of banking in the city of New York, under the name of the American Exchange Bank. At the solicitation of the officers of said bank, and under the understanding and agreement that the several and respective securities and

property hereinafter mentioned, or the proceeds and dividends thereon, should be collected by said bank and applied to the liquidation of said indebtedness, and the surplus of such securities and property accounted for after a final liquidation by said corporation or its successors; that all advances which might be required to be made, should be made, and be with interest reimbursable therefrom, a large amount of securities and property, including, with the assent of this plaintiff, the share in said Ohio and Mississippi association above mentioned, were turned over to the said bank, and said certificate No. 38 was duly indorsed and transferred by said plaintiff to the said American Exchange Bank. That said share was received with full notice of the plaintiff's rights and claims thereto, and that the said Ohio Life Insurance and Trust Company had no property therein.

*Fourth.* That the said, The American Exchange Bank, acting under the trust agreement above set forth, had made various payments and advances in the shape of calls on said share No. 38, of said associates, that is to say, on the 11th of December, 1857, the sum of $12,853.75, and $17,892 on the 9th of January, 1858, and in or about September, 1859, $3765, of none of which had repayment ever been demanded of this plaintiff. That on or about the 2d day of June, 1863, a final accounting and settlement was had and made of all indebtedness of the said Ohio Life Insurance and Trust Company with the said American Exchange Bank, except the amounts paid as installments on said share, which were not taken into account, the said company making no claim to said share, and the said share was left by the receiver of the Ohio Life Insurance and Trust Company in the possession of said bank, free of any claim thereto on the part of said receiver.

*Fifth.* That this plaintiff had, previous to the said 2d of June, 1863, satisfied and discharged any and all indebt-

edness for which the said Ohio Life Insurance and Trust
Company could claim to hold said share.

*Sixth.* That, as the plaintiff was informed and believed,
the said The American Exchange Bank, under and by
virtue of their possession of said share, held and acquired
by them under the agreement and arrangement above set
forth, had received as dividends thereon, or as the proceeds
thereof, the following securities, that is to say, $172,576
in the common stock, and $22,143 in the preferred stock
of the Ohio and Mississippi Railroad, and a large amount
of cash; that subsequently to the receipt of such securi-
ties and cash, the said American Exchange Bank, with
the consent of its stockholders, was duly re-organized
under the national banking law, and thenceforth became
and was known and styled as The American Exchange
National Bank, and said securites and cash, or the pro-
ceeds thereof, had been received by the defendants, as the
successors and representatives of said American Exchange
Bank, and had been disposed of by them in whole or in
part.

*Seventh.* That the plaintiff was advised and claimed that
he was entitled, as the owner of said share, to redeem the
share, and, on payment of any amount that may be due
thereon for advances made by said defendants, or their
predecessors, The American Exchange Bank, to an account
thereof, and had offered to redeem the same, and had re-
quested such an account, but said defendants wholly refused
to account to him therefor, or for the proceeds thereof, or to
acknowledge his rights in the premises.   Wherefore, the
plaintiff demanded that an account might be taken of any
and all sums that might be justly due and owing on account
of calls paid on said share, of all sums received by said
defendants from the sale or disposition of the securities
received by them on account of such share, and of the
amount of such securities now remaining on hand, and
that the defendants might be ordered and adjudged to pay

Ludlow *v.* American Exchange National Bank.

over and account to the plaintiff for the balance which, on such accounting, might be found due to him, and to transfer and deliver over to said plaintiff, all of such securities remaining on hand, being the proceeds or representative of said share in their hands after satisfying any balance due them thereon; and for other and further relief.

The defendant, by its answer, admitted, among other things, that the number of shares or interests of said associates, under said agreement, was forty; that the plaintiff subscribed for one of said shares or interests; that scrip, in the usual form of a stock certificate, representing such share or interest, and designating the same by the number 38, was issued to the plaintiff by the said associates; that calls upon said share or certificate to the amount of $31,250 were paid by the said plaintiff, from and with the moneys of the Ohio Life Insurance and Trust Company; that the contract for the completion of the said railroad was duly executed and performed; that upon the fulfillment thereof, there became divisible among the said associates, or their legal representatives, a large amount of money, property and securities; that the interest in the said contract represented by said certificate No. 38, was entitled to one fortieth part of said property, securities and money. That on the 22d of August, 1857, the plaintiff was indebted to the said Ohio Life Insurance and Trust Company, and the said Ohio Life Insurance and Trust Company was in like manner indebted to the American Exchange Bank, as in the complaint alleged. That on the said 22d day of August, 1857, the said certificate No. 38 was transferred and delivered to the said American Exchange Bank by the plaintiff, and the said Ohio Life Insurance and Trust Company, in the manner, for the purposes, and upon the consideration thereinafter particularly set forth; that subsequently to the said transfer, the said American Exchange Bank, as the assignee and owner of

the said share and interest in said contract, and of the said scrip and certificate No. 38, made further advances towards the completion of the said contract, and the construction of the said railroad, to the amounts for that purpose mentioned in the complaint. That on or about the 2d day of June, 1863, a final accounting and settlement was had and made of the indebtedness of the Ohio Life Insurance and Trust Company to the defendant, by and between the latter and the receiver of the said Ohio Life Insurance and Trust Company, and that upon such settlement the said share and certificate No. 38 was left by the receiver in the possession of the said bank, free from any claim thereto on the part of the receiver; that the defendant, prior to its re-organization, had received as dividends on the said share, or as the proceeds thereof, certain amounts, both of the common stock and of the preferred stock of the said Ohio and Mississippi Railroad Company, but not the amounts in that behalf in the complaint alleged, together with a certain amount of cash; and that subsequently to the receipt of such stock and cash, the said American Exchange Bank was duly re-organized, pursuant to the national banking law, under the name and style of the American Exchange National Bank, and that by virtue of such re-organization the defendant became the legal successor and representative of the said American Exchange Bank, and in that capacity and relation the holder and owner of all the property, assets and effects of the said American Exchange Bank, including the said share and certificate and the said stock and property received as dividends thereon, and proceeds thereof as aforesaid; and that the defendant had since sold and disposed of the said stock of the Ohio and Mississippi Railroad Company so received as the proceeds of said share and certificate as aforesaid.

The defendant, by a general denial, put in issue all the allegations of the complaint not admitted, and set up

several matters of defense, among which was the statute
of limitations.

*Chapman, Scott & Crowell,* for the appellant.

I. From the pleadings, the following appear to be the
issues in this case, viz.: 1. Was the assignment of the
share and interest in the contract with the Ohio and Mis-
sissippi Railroad Company, represented by the scrip cer-
tificate No. 38, made by the plaintiff to the defendant, as
alleged in the complaint, so made for the purpose and
with the reservation of interest and ulterior title in the
plaintiff, there set forth? And did the defendant receive
it under an obligation to account to the plaintiff for the
disposition or avails of the interest so assigned; or, was it
transferred for the purpose, and in the absolute and un-
qualified manner, as far as the plaintiff was concerned,
stated in the answer? 2. Independent of the legal trans-
fer and assignment, had the Ohio Life Insurance and
Trust Company, at the date of the assignment, the equi-
table title and interest in the certificate set forth in the
answer, or was it true, as alleged in the complaint, "that
the said Ohio Life Insurance and Trust Company had no
property therein?" 3. If the plaintiff retained any such
interest in the certificate as would have entitled him to
the accounting demanded in this action, in case (as the
complaint alleges) the final accounting between the de-
fendant and the receiver of the trust had been made,
without the making of any claim to said share by said
receiver, or the taking into account the amounts paid as
installments on said share; then were the said amounts
taken to account, and the value of said share fully settled
and accounted for by the defendant, as alleged in the
answer? Or, was the said share "left by the receiver of
the said Ohio Life Insurance and Trust Company in the
possession of said bank, (the defendant,) free of any claim

thereto on the part of said receiver," as alleged in the complaint?

II. From the pleadings, therefore, it is evident that no case can be made out by the plaintiff for the accounting claimed, or for any other relief whatever, until he shall have succeeded, not only upon one, but upon all the foregoing issues. If the defendant succeeds upon any one of these issues there is an end of the case.

III. It is equally clear that the determination of no one of these issues necessarily involves the examination of any long, or any account whatever. 1. There can be no pretense that the determination of either of the first two issues above stated, viz., as to the mode and purpose of the assignment; or as to the existence of the equitable interest of the Ohio Life Insurance and Trust Company, requires the examination of any account whatever. 2. Nor can it be pretended that under the third of said issues the examination of any long, or any account whatever, will be necessary. Whether a particular item was included in an account, or not, is a question as to a simple, single fact; not a question involving the examination of a long account, within either the letter or the spirit of section 271 of the Code. 3. To warrant a compulsory reference, it must be made to appear that the examination of a long account is not merely contingently or incidentally involved—not merely involved in the event of the determination of any particular issue, in any particular way—but necessarily involved, no matter how particular issues may be determined or disposed of. (*Cameron* v. *Freeman*, 10 *Abb. Pr.* 333. *Graham* v. *Golding*, 7 *How. Pr.* 260. *Keeler* v. *Poughkeepsie &c. Plank Road Co.*, 10 *id.* 11. *Kain* v. *Delano*, decided in *Court of Appeals*.)

IV. The court had no power to order a compulsory reference in this case; and the order of reference should therefore be reversed.

*T. C. T. Buckley*, for the respondent.

I. By the express terms of section 271 of the Code, a reference may be ordered. (1.) When the trial requires the examination of a long account on either side. (2.) Or when the taking of an account is necessary for the information of the court before judgment.

II. Irrespective of the pleadings, the plaintiff's affidavit brings this case within the provisions of the section. The affidavit of the defendants' cashier, does not, as did the affidavit referred to in the opinion of Allen, J., in the case of *Kain* v. *Delano*, in the Court of Appeals, "circumstantially and fully deny the statement" contained in the moving papers, but merely states in general terms that the "investigation will require the decision of difficult questions of law." This is insufficient; the questions should be specified. (*Anonymous case*, 5 *Cowen*, 423. *Dewey* v. *Field*, 13 *How.* 439.)

III. This is not in any respect like the case of *Kain* v. *Delano*, recently decided in the Court of Appeals, on which the defendants seem to rely. In that case the plaintiff's claim was a written contract for the recovery of a single sum of money, and the defense rested on a single fact, entirely distinct from any accounts. This is an equitable action to redeem stock, and by its very nature involves, and necessarily requires, the examination of and taking an account. Such account, in any aspect of the case, is necessary to be taken before judgment. As between the plaintiff and the Ohio Life Insurance and Trust Co., for the purpose of ascertaining whether the company had the interest they claimed. As between the receiver of the Ohio Life Insurance and Trust Co., the plaintiff and the defendants, to ascertain whether the amount for which the plaintiff concedes the defendants had the right to hold the certificate in question has ever been discharged. As between the plaintiff and defendants, to ascertain whether the payments referred to in the fourth article of the complaint,

have been reimbursed, and if not, how much is due thereon. The existence of these facts material to the issue, though there may be other questions of fact, authorizes the court to order a reference. (*Van Zant* v. *Cobb*, 10 *How.* 348.)

IV. The opinion of Judge BRADY on the motion for a stay, in this case, fully sustains the above view. (*a*)

*By the Court*, CARDOZO, J.    Judges BARNARD and BRADY have both held this case to be referable. I think they are right. The complaint, in the 3d and 4th sections, shows that the property, the subject of the suit, was to be held and applied not only in liquidation of the indebtedness mentioned in the complaint, but of all future advances which the defendants might make; that further advances were made, by the bank, by payment of calls on the certificate which it is sought to redeem; and an account will have to be taken of these advances, and also of the payments made by the plaintiff. This account is necessary to

(*a*) The opinion referred to is as follows:

BRADY, J.    Whether the plaintiff can maintain this action depends upon his ownership of the certificate, which he claims. Whether it is his property depends upon his payment to the Ohio Life and Trust Co. of the moneys used by him, and by which it is alleged the certificate was purchased.

To determine these facts the examination of a long account seems necessary. The question of ownership, owing to the peculiar relations existing between the plaintiff and the Ohio Life and Trust Company, and of which the defendants avail themselves by answer, must rest upon the condition of the accounts between them at the time the transfers were made by him, and hence the necessity of examining these accounts. The defenses are not predicated upon the plaintiff's ownership of the certificate. They are based upon the charge that the plaintiff appropriated the moneys of the Ohio Life and Trust Company, and with them purchased the certificate.

The plaintiff, before they can be called upon to show any of their defenses, must establish his right to maintain the action, and cannot do so without an investigation of accounts. This is my view of the pleadings, thus briefly stated.

I think this motion for a stay should not be granted; but liberty is given to apply to the justice who granted the order of reference.

be taken before judgment, and, I think, makes the case referable. And if so, the discretion of the judge granting the motion should not be reviewed on appeal.

I am for affirming the order.

Order affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 3, 1871. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.]